**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4361**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSIAH JOHN WEISS, a/k/a Malachi Sivad,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:15-cr-00354-TSE-1)

Submitted:  March 30, 2017                                Decided:  April 7, 2017

Before MOTZ, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey D. Zimmerman, JEFFREY ZIMMERMAN, PLLC, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Carina A. Cuellar, Michael E. Rich, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josiah John Weiss was convicted by a jury of possessing firearms as a convicted felon, 18 U.S.C. § 922(g) (2012), and sentenced to 96 months' imprisonment. He appeals, arguing that the district court erred in denying his motion to suppress identification testimony based on a single photograph. Finding no error, we affirm.

In April 2015, special agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") observed what they believed was an illegal weapons purchase in the parking lot of a gun show in Chantilly, Virginia. The man purchasing the firearms placed them in his car and drove away. Although he was able to elude the police, agents traced the vehicle through its license plate and identified Weiss—who had six felony convictions—as the driver. Booking photos were sent to the agents on their cellphones.

Officers also located the seller of the weapons, Jerry Crawford, through the license plates on his vehicle. Crawford confirmed that he had sold three firearms from his vehicle that day to a man he only knew as "Brian." Crawford was shown the booking photo of Weiss that had been emailed to the investigating agents and Crawford stated "I would say that was him." One of Weiss' known aliases was "Brian Anthony Hill."

Weiss moved to suppress Crawford's identification of him from the photo shown to him by police, arguing that a single photograph—as opposed to a photographic array—was unduly suggestive. The district court denied the motion.

We review for clear error a district court's factual findings in ruling on a motion to suppress and its legal determinations de novo, construing the evidence in the light most favorable to the prevailing party. *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir.

2

2016).  Due process concerns arise "when law enforcement officers use an identification procedure that is both suggestive and unnecessary." *Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012).  Even when the police use a suggestive procedure (such as a single photograph), however, suppression of the resulting identification is not automatic.  *See Manson v. Brathwaite*, 432 U.S. 98, 112–113 (1977).  Rather, "reliability is the linchpin in determining the admissibility of identification testimony."  *Id.* at 114.  Factors to be considered in evaluating the reliability of such evidence include:  "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."  *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).  Here, Crawford was able to observe Weiss during an approximately 20-minute transaction, described Weiss' distinctive clothing, and identified him by a known alias.  And, Crawford was shown the photo within a "few hours" after he sold the guns to Weiss. Accordingly, we find no error in the district court's conclusion that Crawford's identification was reliable.

Moreover, a single photograph—even if unduly suggestive—may be used for identification where it is deemed necessary due to exigent circumstances.  *See Simmons v. United States*, 390 U.S. 377 (1968).  As the district court noted, the circumstances here were nearly identical to those in *Simmons*:  a serious felony had been committed, police reasonably believed that a six-time felon was in possession of three firearms, and Weiss

3

was seen driving erratically and at high speeds. Therefore, even if the identification was unduly suggestive, it was nevertheless necessary given exigent circumstances.

Therefore, we affirm Weiss' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*